REC'D IN PRO SE OFFICE
MAY 1 '25 PM4:34

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------x

**JULIET LEE,** Pro Se                    25-cv-02531- NCM-LKE

Plaintiff,

**V .**

**THE CITY OF NEW YORK,**

**NYPD OFFICER ERDIL shield no. 22653,**

**NYPD OFFICER MARTE shield no. 842,**

**NYPD OFFICERS JOHN DOE and JANE DOE 1-6,**

Defendants,

-----------------------------------------------------------------------------x

**Case No** _____


**\*\*COMPLAINT\*\***

**\*\*JURY TRIAL DEMANDED\*\***

Plaintiff Juliet Lee, Pro se, alleges the following upon personal knowledge:

**NATURE OF THE ACTION**

1.  This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and 1985 and 28 U.S.C.
    § 1367(a) seeking compensatory, punitive, nominal and equitable relief for violations of
    Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution
    as well as New York State law. Plaintiff asserts Conspiracy to violate Constitutional rights
    under 42 U.S.C. § 1983 and conspiracy to deprive civil rights under 42 U.S.C. § 1985(3),

including fabrication of evidence, false arrest, false imprisonment, illegal search and seizure, malicious prosecution, deprivation of property, racial discrimination, denial of due process, failure to intervene and Municipal liability under the Monell doctrine

2. In addition, Plaintiff asserts supplemental claims under New York State law, including false arrest, false imprisonment, malicious prosecution, unlawful search and seizure, conversion, trespass to chattel, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, negligent hiring and retention, negligent supervision and training, vicarious liability and abuse of process.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) as this action is brought under 42 U.S.C. § 1983 and 1985 for violations of Plaintiff's constitutional and civil rights.

4. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as those claims arise from the same events and form part of the same case or controversy.

5. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Kings County, Brooklyn, New York.

## PARTIES

6. Plaintiff Juliet Lee is a resident of New York State and a United States citizen.

7. Defendant The City of New York is a municipal corporation organized under the laws of the State of New York and responsible for the policies, practices, and conduct of the New York City Police Department ("NYPD") and its officers.

8. Defendants NYPD Officers Erdil (Shield No. 22563), Marte (Shield No. 842), John and Jane Does 1–6 were at all relevant times police officers employed by the NYPD and were assigned to the NYPD's Police Service Area 1 (PSA 1), a specialized unit responsible for patrolling public housing developments within the precinct.

9. Defendant Officers unlawfully stopped, searched, and arrested Plaintiff without probable cause and are sued in both their individual and official capacities. The identities of the Doe defendants are currently unknown to Plaintiff.

## FACTUAL ALLEGATIONS

10. On or about March 2, 2024, at 6:30pm, Plaintiff's son drove her vehicle to pick her up at 107-11, Flatlands Ave.

11. Shortly after, Plaintiff's son called her, stating he had been in a minor accident one block away on the eastbound side of Flatlands Ave.

12. The Plaintiff then walked west down the block to where her son was located and inquired about the events that led to the accident, as the insured party of the vehicle.

13. The Plaintiff's son stated that he was parked in a space and while attempting to pull out, a motorist traveling eastbound on Flatlands Avenue grazed the Plaintiff's driver-side front bumper, leading to both vehicles being double parked near the corner of East 108th street while they examined the damage.

14. After an unsuccessful attempt to locate visible police assistance, Plaintiff and the motorist exchanged information and agreed to resolve the matter privately.

15. The Plaintiff has photographs of the accident scene and the motorist's information, which will be made available during discovery.

16. The motorist departed first, Plaintiff departed after, (she was parked behind the motorist) signaled and made a right turn at the corner of Flatlands Ave, onto East 108th street.

17. The Plaintiff proceeded down the block and passed a police vehicle double parked midway on the right side of East 108th street.

18. Acting under the "color of state law," the NYPD PSA 1 Officers activated their siren, flashing lights and subsequently stopped the Plaintiff without probable cause or reasonable suspicion.

19. The Plaintiff did not commit any traffic violations or engage in any behavior that would constitute reasonable suspicion or probable cause to justify a traffic stop.

20. Upon information and belief, the stop was pretextual and orchestrated by Defendant officers who agreed to target Plaintiff for an unlawful investigatory stop without legal basis, motivated by discriminatory animus and improper purpose.

21. After pulling over, Defendants Officer John Doe #1 and John Doe #2 approached Plaintiff's vehicle on the driver's side, while Defendants Officers John Doe #3 and John Doe #4 approached the passenger side.

22. Officer John Doe #1 demanded that the plaintiff roll all her car windows down while shining a bright light into her and her passenger son's face.

23. The Plaintiff inquired as to why she needed to roll down all her windows if the driver's side window was already down.

24. Officer John Doe #1 and #2 stated it was for their safety, as they would be able to see inside the backseat of the vehicle.

25. The Plaintiff then stated she does not have tinted windows, that the Defendants had flashlights and she was not consenting to the search of her vehicle.

26. Defendant Officer John Doe #2 proceeded to shine his light into the back seat windows and requested the Plaintiff's license and vehicle registration.

27. The Plaintiff complied with the Officer's request and provided the documents, after which the Officer returned to the police vehicle with the items.

28. Defendant Officer John Doe #1 began speaking loudly and aggressively accused the plaintiff of attempting to conceal the vehicle identification number (VIN ) located on the driver side dashboard.

29. The Plaintiff denied the accusation, intimidated by Defendant Officer John Doe #1 aggressive tone and requested to speak to a Sargeant.

30. Defendant Officer John Doe#1 identified himself as the Sargeant and scoffed at the request. The plaintiff felt further intimidated and threatened, as the individual who had already displayed hostility was now revealed to hold a higher position of authority.

31. While waiting, the Plaintiff's son asked Defendant Officer John Doe #3 what the reason was for the traffic stop.

32. Officer Doe#3 stated that the Plaintiff failed to signal while making a right turn.

33. The Plaintiff responded by mentioning the minor accident that had occurred moments before the traffic stop and noted that she had been unable to locate police assistance at the scene. The officers did not respond with any interest in Plaintiff's son prior accident.

34. After a brief delay, Officer John Doe #2 returned to the Plaintiff's vehicle, requested she step out of the car, had her person searched, handcuffed and arrested for driving with a suspended driving privilege in NYC.

35. After the Plaintiff's was placed in handcuffs, she instructed her responsible licensed adult son to take possession of her vehicle and all her property.

36. Defendants refused this lawful and reasonable alternative, claiming it was "illegal" and threatened Plaintiff's son with arrest if he did not exit the vehicle and give them the key.

37. The Plaintiff's son complied and exited the vehicle but lawfully refused to give them the key.

38. Defendants Officers John and Jane Doe began to coerce compliance, with threats of towing the vehicle unless the Plaintiff relinquished the key to them and under extreme duress, she complied.

39. Defendant NYPD Officer John Doe then drove the Plaintiff's vehicle from the site of the stop to 2860 W. 23rd Street police precinct in the Coney Island section of Brooklyn, NY, without the Plaintiff's consent or lawful justification.

40. While in the back of the police vehicle, Plaintiff became aware that she was being recorded by a camera, without being informed of the recording prior to or during transport.

41. During this time, Defendant Officers John and Jane Doe began questioning the Plaintiff in an apparent attempt to elicit an admission that she had prior knowledge of a license suspension.

42. Plaintiff denied such knowledge and had not been Mirandized prior to questioning, nor had she consented to being recorded or interrogated.

43. At some point after arriving to the precinct, Defendant Officers John and Jane Doe searched Plaintiff's vehicle without a warrant or her consent.

44. The Plaintiff was held in custody at the precinct and subsequently transported to Brooklyn's Central Booking facility, resulting in detainment for over 24 hours.

45. After being released from custody, Plaintiff was left without any personal belongings or money. Court officials provided her with a single-ride MetroCard, which she used to travel home on public transportation.

46. Plaintiff's house keys and cellphone were among the items seized and retained by law enforcement, making it impossible for her to access her home or contact anyone for assistance. As a result, she was forced to wait outside her residence until someone arrived to let her in.

47. She then paid an Uber to drive her to retrieve her personal belongings and vehicle, which had been bagged, tagged, and stored at the Coney Island precinct.

48. This unnecessary hardship, emotional distress, and financial burden were all direct consequences of Defendants' unlawful actions.

49. The Plaintiff was sent to a separate location in Brooklyn to retrieve her money.

50. Several rare coins were taken from Plaintiff's purse during law enforcement's search of her vehicle and never returned.

51. A check was issued to the Plaintiff for the money seized during the unlawful search and did not account for the missing rare coins gifted to her by her late mother prior to her passing.

52. On May 1, 2024, Plaintiff appeared in court for the false charges filed against her by the Defendants. **See Exhibit A** ( criminal complaint)

53. On June 3, 2024, the case was dismissed in Plaintiff's favor. **See Exhibit B** (Disposition)

54. The Plaintiff retained attorney Illisa Brownstein, who filed a timely Notice of claim on her behalf with the City of New York. **See Exhibit C** (notice of claim)

55. The City of New York responded with a 50H hearing on September 27, 2024, followed by a $14,000 settlement offer, which the Plaintiff rejected as inadequate and requested to counter-offer.

56. Attorney Illisa Brownstein refused to counter-offer and informed the Plaintiff she does not litigate cases if the settlement offer is refused.

57. Attorney Illisa Brownstein terminated the relationship and Plaintiff now proceeds Pro se.

58. On February 23, 2025, the Plaintiff submitted a FOIL request for Audio and video footage regarding the illegal traffic stop.

59. The response for the request will be on or about July 9, 2025. **See Exhibit D** (Foil Email)

60. Upon information and belief, Defendants conspired to fabricate a traffic violation in order to initiate an investigatory stop without legal justification.

61. Once Plaintiff was stopped, Defendants furthered the conspiracy by using the post-stop discovery of a suspended driving privilege as a pretext to validate their unlawful stop, and to justify a baseless arrest.

62. This arrest was unreasonable because the discovery of a suspended driving privilege was the direct result of the unconstitutional stop and therefore inadmissible under the "fruit of the poisonous tree" doctrine.

63. The actions of the Defendant including the warrantless arrest, the removal of Plaintiff's son from the vehicle without justification, the forced turnover of Plaintiff's car keys, the illegal search of the plaintiff's vehicle, the excessive detainment of the Plaintiff constituted unreasonable seizures of Plaintiff's person and property in violation of the Fourth and Fourteenth Amendment of the United States Constitution and New York State Laws.

64. These actions were taken without probable cause, a warrant, or lawful exception, and thus deprived Plaintiff of her clearly established constitutional rights.

65. The unlawful traffic stop of the Plaintiff was not an isolated incident, but rather part of a coordinated effort among Defendant officers to deprive the Plaintiff of her constitutional rights.

66. Defendants' coordinated efforts — includes Officer Marte's relay of fabricated information, Officer Erdil's authorship and filing of a criminal complaint despite lacking personal knowledge of the alleged events clearly demonstrates a meeting of the minds to violate Plaintiff's civil rights under the Fourth and Fourteenth Amendments.

67. The criminal complaint falsely stated that the deponent was "informed by Officer Marte" that the Plaintiff failed to signal a right turn.

68. This criminal complaint relied on fabricated information, authored by an officer lacking personal knowledge of the event and used as the foundation for Plaintiff's arrest and subsequent prosecution.

69. The Plaintiff was targeted, stopped, and treated aggressively as a result of racial profiling and discrimination based on her race and/or ethnicity in violation of her constitutional rights and New York State Laws.

## CAUSES OF ACTION

**Claim 1: Conspiracy to Violate Constitutional Rights under 42 U.S.C. § 1983 ( Against individual Officers)**

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Defendants, acting under the color of state law, conspired among themselves and with others to deprive Plaintiff of her constitutional rights under the Fourth and Fourteenth

Amendments, including her right to be free from unreasonable searches and seizures, false arrest, false imprisonment, malicious prosecution, and racial discrimination.

3. The conspiracy was carried out through coordinated acts, including fabricating a justification for an unlawful traffic stop, unlawful search and seizures of her property, authoring a criminal complaint containing false statements based on secondhand and unverified information, and initiating criminal proceedings without probable cause.

4. Upon information and belief, Defendants reached a mutual understanding, whether explicit or implicit, to violate Plaintiff's rights. This agreement is evidenced by their coordinated actions and failure to intervene despite knowing the stop and arrest lacked a lawful basis.

5. As a direct and proximate result of the conspiracy, Plaintiff suffered deprivation of her constitutional rights resulting in unlawful detention, emotional distress, humiliation, and harm to her liberty and reputation.

6. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

## Claim 2: Fabrication of Evidence under 42 U.S.C. § 1983 ( Against individual Officers)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Defendants, acting under the color of state law, fabricated material evidence to justify an otherwise unlawful traffic stop, arrest, and prosecution of Plaintiff.

3. Specifically, Defendants included false claims in the criminal complaint stating Plaintiff committed a traffic infraction, despite the authoring officer lacking personal knowledge of the event.

4. The fabricated evidence was used to initiate criminal proceedings against Plaintiff, which were dismissed in her favor.

5. Defendants knowingly and willfully made these false representations or allowed them to remain uncorrected in order to justify their unlawful actions and to conceal misconduct.

6. As a direct and proximate result of the fabrication of evidence, Plaintiff was deprived of her liberty, wrongfully arrested, detained for over 24 hours, and subjected to emotional trauma, reputational harm, and a violation of her constitutional rights.

7. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

**Claim 3: False Arrest under 42 U.S.C. § 1983**

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Defendants acting under the color of state law initiated an unlawful stop against the Plaintiff, without probable cause or legal justification in violation of her Fourth and Fourteenth Amendment rights.

3. This arrest was unreasonable because the discovery of a suspended driving privilege was the direct result of the unconstitutional stop and therefore inadmissible under the "fruit of the poisonous tree" doctrine.

4. As a direct and proximate result of the false arrest, Plaintiff was deprived of her liberty, handcuffed, suffered unnecessary emotional trauma, anxiety, loss of trust in law enforcement, fear, mental anguish, emotional distress, humiliation, disruption to her daily life and treated as a criminal despite having committed no crime.

5. Accordingly, Plaintiff seeks compensatory damages in amounts to be determined at trial.

### Claim 4: False Imprisonment under 42 U.S.C. § 1983

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Following the false arrest, Plaintiff was unlawfully detained for over 24 hours without justification or access to due process.

3. This prolonged and unjustified detention constituted a deprivation of liberty under the Fourth and Fourteenth Amendment.

6. As a direct and proximate result of the false imprisonment, Plaintiff was deprived of her liberty, suffered unnecessary mental anguish, fear, emotional trauma, humiliation and loss of trust in Law enforcement. Her daily life was disrupted and she was treated as a criminal despite having committed no crime.

7. Plaintiff was subjected to unsanitary conditions while in custody and endured distress and fear regarding the well-being and outcome of her son.

8. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

### Claim 5: Illegal Seizure under 42 U.S.C. § 1983

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Defendants, acting under the color of state law, seized the Plaintiff, her vehicle and personal belongings without a warrant, consent, or legal justification violating Plaintiff's Fourth Amendment right.

3. Defendants unlawfully seized Plaintiff's vehicle and personal belongings after she requested that her licensed adult son take possession of her property.

4. Defendants refused this lawful and reasonable alternative, intentionally deceived the Plaintiff with misinformation to coerce, intimidate and complete their unlawful actions.

5. During Plaintiff's detainment and after, she was denied access to essential personal property, including her vehicle, money, cellphone and house keys.

6. The Plaintiff was subjected to traveling on public transportation, unable to access her home and was forced to wait until a family member arrived, as she had no means of communication or money to secure assistance.

7. As a direct and proximate result of the illegal seizure, Plaintiff was deprived of constitutional rights, suffered emotional distress, humiliation, additional expenses and her daily life was disrupted

8. Accordingly, Plaintiff seeks compensatory damages in amounts to be determined at trial.

**Claim 6: Illegal Search under 42 U.S.C. § 1983**

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Defendants, acting under the color of state law, unlawfully searched Plaintiff without a warrant, consent, or legal justification violating Plaintiff's Fourth Amendment right.

3. After placing Plaintiff under arrest, Defendants refused to release the vehicle to her son who was a passenger and forcibly removed him from Plaintiff's vehicle proving intent to create a pretext for an investigatory search.

4. Defendants took possession of Plaintiff's personal property, vehicle, and drove it to the police station, where all her possessions were searched without a warrant, valid consent, or probable cause.

5. The Plaintiff's vehicle was not impounded, and the subsequent search was not justified by any recognized exception to the warrant requirement. The search was conducted after the vehicle had been secured, with no ongoing threat or exigent circumstances to justify the intrusion.

6. As a direct and proximate result of the illegal search, Plaintiff was deprived of constitutional rights, suffered emotional distress, humiliation and fear.

7. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

## Claim 7: Malicious Prosecution under 42 U.S.C. § 1983

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Defendants acting under the color of state law unlawfully deprived Plaintiff's liberty and initiated criminal charges by means of a knowingly false and fabricated criminal complaint, which was authored by Officer Erdil despite her lack of personal knowledge of the events.

3. The criminal charges were initiated without probable cause, motivated by malice and a desire to justify the unlawful racially profiled traffic stop and arrest of Plaintiff constituting a violation of the Fourth and Fourteenth Amendment.

4. The discovery of a suspended driving privilege was the direct result of the unconstitutional stop and therefore inadmissible under the "fruit of the poisonous tree" doctrine, that eventually led to the dismissal of the Plaintiffs criminal charges.

5. As a direct and proximate result of the Malicious Prosecution, Plaintiff suffered deprivation of liberty, unnecessary fear, mental anguish, emotional distress, humiliation, reputational harm, disruption to her daily life and was treated as a criminal despite having committed no crime.

6. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

**Claim 8: Racial Discrimination / Profiling under 42 U.S.C. § 1983**

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Defendants acting under the color of state law, targeted the Plaintiff, stopped, seized and searched her vehicle and person without a warrant, consent, or legal justification, subjected her to hostile and discriminatory treatment due to her race, violating the Equal Protection Clause of the Fourteenth Amendment.

3. As a direct and proximate result of the racial discrimination, Plaintiff was unlawfully targeted and subjected to constitutional violations, resulting in unnecessary fear, mental anguish, emotional distress, and humiliation. Her daily life was intentionally disrupted and she was treated as a criminal despite having committed no crime.

4. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

**Claim 9: Deprivation of Property under 42 U.S.C. § 1983**

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Defendants acting under the color of state law unlawfully deprived Plaintiff of her property, including her vehicle and personal property including rare coins which were not returned after she retrieved her property.

3. Defendants seized Plaintiff's property without a warrant, probable cause, or valid legal authority, thereby depriving her of property without due process of law in violation of the Fourteenth Amendment.

4. Defendants were advised that Plaintiff had authorized her licensed and responsible adult son to take possession of her vehicle and personal property following her arrest. Despite

this lawful consent, Defendants refused to honor Plaintiff's property rights and unlawfully seized the vehicle and its contents.

5. As a direct and proximate result of Defendants' actions, Plaintiff was deprived of constitutional protections and was not able access her essential personal property during her prolonged detainment of over 24 hours.

6. The Plaintiff suffered mental anguish, emotional distress and financial loss, including the inability to recover rare coins.

7. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

## Claim 10: Due Process Violation under 42 U.S.C. § 1983

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. The Plaintiff was not given prior notice or a hearing before the deprivation of her liberty and property.

3. Defendants did not offer any timely post-deprivation remedy.

4. Defendants' actions were arbitrary, and the deprivation violated Plaintiff's procedural due process rights of the Fourteenth Amendment.

5. As a direct and proximate result of Defendants, Plaintiff was not given any hearing or opportunity to assert your rights, either before or after deprivation and denied constitutionally required procedural safeguards.

6. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

## Claim 11: Failure to Intervene under 42 U.S.C. § 1983

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. One or more Defendant NYPD Officers acting under the color of state law, were present during the unlawful stop, search, seizure, and detention of the Plaintiff.

3. These Defendant NYPD Officers knew or should have known that the Plaintiff's constitutional rights were being violated by other officers, including the lack of probable cause or reasonable suspicion for the stop and continued detention.

4. Despite having a reasonable opportunity to intervene, these Defendant NYPD Officers failed to do so.

5. Their failure to act constituted deliberate indifference to Plaintiff's rights under the Fourth and Fourteenth Amendments and gives rise to liability under 42 U.S.C. § 1983.

6. As a direct and proximate result of this failure to intervene, the Plaintiff suffered constitutional injuries, including deprivation of liberty, emotional distress, and other damages.

7. Accordingly, Plaintiff is entitled to compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

## Claim 12: Monell Liability- Municipal Policy, Custom, or Practice (42 U.S.C. § 1983)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Defendant, The City of New York was deliberately indifferent to the likelihood that its policies, customs, or failure to train would result in the violation of individuals and the plaintiff's' constitutional rights, including.

   a. Failure to train, supervise, and discipline officers.

   b. Tolerance of unlawful stops and searches.

   c. Failure to prevent racial profiling of Black motorists and discriminatory policing.

   d. NYPD's practices of initiating criminal proceedings without probable cause.

e. NYPD's failure to investigate or remedy misconduct by its officers.

3. As a result of these policies or practices, Plaintiff suffered harm, including unlawful seizure, arrest, prosecution, mental anguish, fear, intimidation and loss of trust in law enforcement. She was deprived of her liberty and treated like a criminal despite not having committed a crime.

4. Accordingly, Plaintiff seeks compensatory damages in amounts to be determined at trial.

**Claim 13: Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985(3)**

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Defendants, acting under color of state law, conspired to deprive Plaintiff of the equal protection of the laws, or of equal privileges and immunities under the laws, in violation of 42 U.S.C. § 1985(3).

3. Defendants reached a meeting of the minds and acted in concert to unlawfully stop, seize, arrest, and detain Plaintiff, fabricating facts and evidence to justify the stop and arrest, despite the absence of any probable cause or lawful basis.

4. At least one overt act was committed in furtherance of the conspiracy, including but not limited to:

   a) Officer Marte relaying fabricated traffic violation information to initiate the stop.

   b) Officer Erdil authorizing an arrest report based on information she did not personally observe.

   c) Both officers provided false statements in official documents to justify an unlawful arrest.

5. The conspiracy was motivated by discriminatory animus based on Plaintiff's race and/or other protected characteristics, thereby depriving Plaintiff of equal protection under the Fourteenth Amendment.

6. As a direct and proximate result of this conspiracy, Plaintiff was unlawfully arrested, detained for over 24 hours, subjected to emotional trauma, and deprived of property and liberty without due process.

7. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

### Claim 14: False Arrest (New York State Law)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Plaintiff incorporates the allegations set forth in the Indemnification section.

3. Defendants falsely arrested Plaintiff without probable cause, in violation of New York State Law.

4. This arrest was unreasonable because the discovery of a suspended driving privilege was the direct result of the unconstitutional stop and therefore inadmissible under the "fruit of the poisonous tree" doctrine.

5. As a direct result of the False Arrest, Plaintiff was deprived of constitutional rights, handcuffed and suffered unnecessary emotional trauma, anxiety, loss of trust in law enforcement, fear, mental anguish, emotional distress, humiliation, disruption to her daily life and treated as a criminal despite having committed no crime.

6. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

### Claim 15: False Imprisonment (New York State Law)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Plaintiff incorporates the allegations set forth in the Indemnification section.

3. Following the false arrest, Plaintiff was unlawfully detained and falsely imprisoned for over 24 hours without justification, consent or access to due process.

4. This prolonged and unjustified detention constituted a deprivation of liberty under the New York State Law.

5. As a direct and proximate result of the false imprisonment, Plaintiff was deprived of constitutional rights, suffered unnecessary mental anguish, fear, emotional trauma, humiliation and loss of trust in Law enforcement.

6. Her daily life was disrupted, she was treated as a criminal despite having committed no crime. She was subjected to unclean conditions while fearful of her son's outcome.

7. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

### Claim 16: Malicious Prosecution (New York State Law)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Plaintiff incorporates the allegations set forth in the Indemnification section.

3. Defendants maliciously initiated a criminal prosecution against Plaintiff without probable cause based on evidence that derived from an unlawful stop in violation of Article 1 § 12 of the New York State Constitution.

4. Defendants intentionally acted in bad faith by initiating a criminal prosecution based on a fabricated criminal complaint authored by NYPD Officer Erdil, who lacked firsthand knowledge of the events.

5. Defendants knew the underlying stop was unlawful, motivated by racial discrimination and harassment, deprived plaintiff of liberty and sought to justify their conduct through false charges.

6. This prosecution commenced with actual malice and the matter was dismissed in favor of the Plaintiff, further confirming a lack of lawful basis.

7. As a direct and proximate result of the malicious prosecution, Plaintiff deprived of constitutional rights and suffered unnecessary fear, mental anguish, emotional distress, humiliation, reputational harm, disruption to her daily life and was treated as a criminal despite having committed no crime.

8. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

## Claim 17: Unlawful Seizure (New York State Law)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Plaintiff incorporates the allegations set forth in the Indemnification section.

3. The Defendants' unlawful seizure of Plaintiff's person, vehicle and personal belongings were without a warrant, consent, or legal justification and in violation of Article 1 § 12 of the New York State Constitution.

4. Defendants unlawfully seized Plaintiff's vehicle and personal belongings after she requested that her responsible and licensed adult son take possession of her property.

5. Defendants refused this lawful and reasonable alternative and intentionally deceived Plaintiff with misinformation to coerce, intimidate and complete their unlawful actions.

6. During the confinement and after, Plaintiff's was denied access to essential personal property, including her vehicle, money, cellphone and house keys.

7. After being released, Plaintiff was subjected to traveling on public transportation, unable to access her home and was forced to wait until a family member arrived and unlocked the secured residence, as she had no means of communication or money to secure assistance.

8. As a direct and proximate result of the illegal seizure, Plaintiff was deprived of constitutional rights, suffered emotional distress, humiliation, and fear. Her daily life was disrupted, and she was treated as a criminal despite having committed no crime.

9. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

**Claim 18: Unlawful Search (New York State Law)**

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Plaintiff incorporates the allegations set forth in the Indemnification section.

3. Defendants wrongfully interfered with Plaintiff's lawful possession of her vehicle and personal belongings by searching them without consent, warrant or legal justification and in violation of Article 1 § 12 of the New York State Constitution.

4. After placing Plaintiff under arrest, Defendants refused to release the vehicle to her licensed and responsible adult son, who was a passenger. He was forcibly removed from Plaintiff's vehicle, thus proving intent to create a pretext for an investigatory search.

5. Defendants took possession of Plaintiff's vehicle and personal property, and drove it to the police station, where her possessions were searched without a warrant, valid consent, or probable cause.

6. The Plaintiff's vehicle was not impounded, and the subsequent search was not justified by any recognized exception to the warrant requirement. The search was conducted after

the vehicle had been secured, with no ongoing threat or exigent circumstances to justify the intrusion.

7. As a direct and proximate result of the illegal search, Plaintiff suffered a profound invasion of privacy, emotional distress, a loss of dignity, humiliation, helplessness, fear and deprived of protected constitutional rights

8. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

## Claim 19: Conversion (New York State Law)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Plaintiff incorporates the allegations set forth in the Indemnification section.

3. At all relevant times, Plaintiff was the rightful owner of certain rare coins of significant monetary and sentimental value, which were family heirlooms gifted to her by her late mother prior to her passing.

4. These coins were stored within Plaintiff's vehicle and remained in her lawful possession at the time of her unlawful arrest by Defendants.

5. Following Plaintiff's arrest, Defendants took unauthorized control of the vehicle and its contents, including the aforementioned rare coins, without a warrant, lawful justification, or Plaintiff's consent.

6. The Plaintiff made no relinquishment or abandonment of her ownership rights and took steps to arrange for a responsible party to secure her property, which the Defendants refused.

7. Defendants' intentional exercise of dominion and control over the rare coins and their failure to return them upon Plaintiff's demand constitutes an unlawful conversion.

8. As a direct result of the Defendant's conduct, Plaintiff suffered unnecessary emotional distress, anxiety, deprivation of constitutional rights including the loss of irreplaceable family property and loss of use.

9. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, for the value of the converted coins in amounts to be determined at trial.

## Claim 20: Trespass to Chatel (New York State Law)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Plaintiff incorporates the allegations set forth in the Indemnification section.

3. At all relevant times, Plaintiff was the lawful owner and possessor of a vehicle, the personal property contained including but not limited to personal effects and rare coins gifted to her by her late mother prior to her passing.

4. Following Plaintiff's arrest, Defendants intentionally and without legal justification, seized, handled, and exercised control over Plaintiff's vehicle and its contents.

5. The Plaintiff expressly authorized her adult, licensed, and responsible son to take possession of the vehicle and property, but Defendants refused to honor this consent, removed her son from the vehicle under threat of arrest, and took unauthorized control of the property.

6. Defendants then drove the vehicle to the police station and held it, along with Plaintiff's personal belongings, without Plaintiff's consent and absent any legal basis, warrant, or exigent circumstances.

7. As a direct and proximate result, Defendants' actions interfered with Plaintiff's possessory interests in her property, causing her to suffer loss of use, emotional distress,

deprivation of constitutional rights and the potential loss of rare, valuable and irreplaceable items.

8. Accordingly, the Plaintiff has suffered actual damages, seeking compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

## Claim 21: Intentional Infliction of Emotional Distress (New York State Law)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Plaintiff incorporates the allegations set forth in the Indemnification section.

3. Defendants engaged in extreme and outrageous conduct by unlawfully stopping, detaining, handcuffing, falsely arresting, unlawfully imprisoning and coercively interrogating the Plaintiff, despite the absence of probable cause or reasonable suspicion, and in a manner that was aggressive, humiliating, and racially discriminatory.

4. Defendants' conduct was intentional and in reckless disregard of the high probability that such conduct would cause the Plaintiff to suffer severe emotional distress.

5. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered severe emotional distress, mental anguish, humiliation, PTSD, fear, embarrassment and loss of trust in law enforcement . Her daily life was disrupted, she was deprived of protected rights and treated as a criminal despite having committed no crime.

6. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

## Claim 22: Negligent Infliction of Emotional Distress ( New York state Law)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Plaintiff incorporates the allegations set forth in the Indemnification section.

3. Defendants owed a duty to Plaintiff to exercise reasonable care in the performance of their official duties, including but not limited to conducting lawful stops, arrests, and detainments in accordance with the law.

4. Defendants breached that duty through negligent, careless, and reckless actions, including stopping, detaining, interrogating, arresting and falsely imprisoning Plaintiff without probable cause or legal justification.

5. As a direct and proximate result of Defendants' negligent conduct, Plaintiff was subjected to deprivation of liberty, public humiliation, coercive questioning, false arrest and false imprisonment causing Plaintiff to suffer severe emotional distress, mental anguish, PTSD, fear, psychological harm and loss of trust in law enforcement. Her daily life was disrupted, and she was treated as a criminal despite having committed no crime.

6. The Plaintiff's ongoing emotional harm is serious, substantial and verifiable.

7. Defendants knew or should have known that their actions would foreseeably cause serious emotional distress to Plaintiff.

8. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

**Claim 23: Negligence (New York State Law)**

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Plaintiff incorporates the allegations set forth in the Indemnification section.

3. At all relevant times, Defendants owed Plaintiff a duty to act with reasonable care, including in the initiation of traffic stops, the performance of arrests, the handling of property, and the protection of constitutional rights.

4. Defendants, through their acts and omissions, breached that duty by unreasonably stopping and detaining Plaintiff, failing to follow proper police procedures, unlawfully seizing Plaintiff, her personal property, vehicle, and using coercive tactics during a custodial encounter.

5. Defendants' breach of duty was a direct and proximate cause of Plaintiff's injuries, including but not limited to emotional distress, humiliation, reputational harm, and interference with liberty and loss of trust in law enforcement

6. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

## Claim 24: Negligent Hiring and Retention (New York State Law)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. At all relevant times, the Defendant City of New York, acting through its agency the New York City Police Department (NYPD), owed a duty to the public, including Plaintiff, to use reasonable care in hiring competent law enforcement officers.

3. The Defendant breached this duty by hiring officers who were unfit for their positions due to lack of qualifications, prior misconduct, or an inability to carry out their duties without violating the constitutional rights of civilians.

4. The City of New York knew or should have known, through reasonable background checks or investigation, that the officers involved in the incident were likely to engage in unlawful conduct, including racial profiling, unlawful stops, and improper detentions.

5. The negligent hiring of such individuals directly and proximately caused Plaintiff's injuries, including the unlawful stop, search, arrest, and subsequent emotional and reputational harm.

6. Accordingly, Plaintiff seeks compensatory damage and punitive damages where applicable, in an amount to be determined at trial.

## Claim 25: Negligent Supervision and Training (New York State Law)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. At all relevant times, the Defendant City of New York, through its agencies including the New York City Police Department (NYPD), had a duty to train, supervise, monitor and discipline its officers, agents, and employees to prevent the violation of individuals' constitutional and civil rights.

3. Defendants City of New York breached that duty by failing to implement adequate policies, oversight, or disciplinary measures to prevent misconduct, including racial profiling, unlawful searches, and improper arrests.

4. Defendants City of New York failed to train officers on appropriate procedures for stops, arrests, and interacting with civilians, particularly in high-stress or discretionary encounters.

5. The negligent supervision and training of the officers directly and proximately caused Plaintiff's unlawful detention and other injuries, including but not limited to emotional distress and reputational harm.

6. Defendant's failure to properly supervise and train its officers was a substantial factor in causing the harm suffered by Plaintiff.

7. Accordingly, Plaintiff seeks compensatory damages in amounts to be determined at trial.

## Claim 26: Vicarious Liability (New York State Law)

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. At all relevant times, the individual Defendants, including NYPD officers, were acting within the scope of their employment and duties as agents, servants, and/or employees of Defendant City of New York.

3. The wrongful acts and omissions committed by the individual officers, including but not limited to false arrest, unlawful search and seizure, excessive detention, and related misconduct, were undertaken while acting under the color of state law and in furtherance of their official duties.

4. Defendant City of New York is vicariously liable under the doctrine of respondeat superior for the acts and omissions of its employees and agents, committed within the scope of their employment.

5. As a direct and proximate result of these acts, Plaintiff suffered damages, including deprivation of constitutional rights, emotional distress, including the unlawful stop, search, arrest, subsequent emotional and reputational harm.

6. Accordingly, Plaintiff seeks compensatory damages in amounts to be determined at trial.

**Claim 27: Abuse of Process (New York State Law)**

1. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.

2. Plaintiff incorporates the allegations set forth in the Indemnification section.

3. Defendants initiated the legal process, including the wrongful stop and detention, knowing that there was no probable cause or reasonable suspicion to support their actions.

4. Defendants' actions were taken not for the purpose of investigating or enforcing the law, but for the purpose of pursuing their own interests, including racial profiling and justifying an unlawful seizure.

5. At all times relevant to this action, Defendants, acting in their official capacity as law enforcement officers, misused the criminal legal process to detain, pressure, and intimidate the Plaintiff, even after knowing or having reason to know that the stop and resulting arrest were without legal basis.

6. Defendants' actions were not motivated by any legitimate purpose of enforcing the law, the process was used to achieve an ulterior purpose — namely, justifying an unlawful stop, arrest and to protect the officers from liability rather than addressing any legitimate legal violation.

7. The Plaintiff was subjected to racial profiling, unconstitutional search and seizure, false arrest and false imprisonment, which was prolonged without probable cause, and the legal process was used as a tool to continue to harm the Plaintiff and violate her rights.

8. The actions of Defendants were willful, wanton, malicious, and executed with a reckless disregard for the rights of the Plaintiff.

9. As a direct result of the Defendants' abuse of legal process, Plaintiff suffered emotional distress, mental anguish, damage to her reputation, and violation of her constitutional rights.

10. Accordingly, the Plaintiff seeks compensatory damages and punitive damages where applicable, in amounts to be determined at trial.

**Indemnification**

1. At all relevant times, the defendant officer(s) were acting within the scope of their employment and authority as employees of the City of New York. Pursuant to New York General Municipal Law § 50-j, the City of New York is liable for any judgment rendered against them.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order a trial by jury on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure,

B. Award compensatory damages in an amount to be determined at trial.

C. Award punitive damages against the individual Defendant officers for egregious and intentional misconduct

D. Award Plaintiff reasonable attorneys' fees, costs, and disbursements incurred.

E. Award nominal damages in the amount of one dollar ($1.00) for the violation of Plaintiff's constitutional rights; and

F. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: May ___1___, 2025

X _____

Juliet Lee

Pro Se Plaintiff

1403 New York Ave Apt 2A

Brooklyn, Ny, 11210

**PH:** (954)907-3628

**Email:** jripper326@gmail.com

# UNITED STATES DISTRICT COURT

for the

Eastern District of New York

| | | |
|---|---|---|
| JULIET LEE | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) | |
| CITY OF NEW YORK, | ) | |
| NYPD OFFICER ERDIL shield no. 22653, | ) | |
| NYPD OFFICER MARTE shield no. 842, NYPD | ) | |
| OFFICERS JOHN and JANE DOE #1-6 | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CITY OF NEW YORK ,
NYPD OFFICER ERDIL shield no. 22653,
NYPD OFFICER MARTE shield no. 842,
NYPD OFFICERS JOHN and JANE DOE #1-6
100 CHURCH STREET
NEW YORK, NY 10007

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: JULIET LEE
1403 NEW YORK AVE APT 2A
BROOKLYN, NY 11210

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

Civil Action No.

# PROOF OF SERVICE
## *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                          *Server's signature*

                                           _____
                                                          *Printed name and title*

                                           _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

Revised 02.13.2025; Effective 02.17.2025

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JULIET LEE

**DEFENDANTS**

City of New York, NYPD Officers Erdil shield no. 22653, Marte shield no.842, NYPD Officers John and Jane Doe 1-6

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability / [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' / Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 340 Marine / Injury Product | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / Liability | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle / [ ] 370 Other Fraud | [ ] 720 Labor/Management | | Protection Act |
| [ ] 195 Contract Product Liability | Product Liability / [ ] 371 Truth in Lending | Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 360 Other Personal / [ ] 380 Other Personal | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ |
| | Injury / Property Damage | [ ] 751 Family and Medical | [ ] 862 Black Lung (923) | Exchange |
| | [ ] 362 Personal Injury - / [ ] 385 Property Damage | Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | Medical Malpractice / Product Liability | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 791 Employee Retirement | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights / **Habeas Corpus:** | Income Security Act | | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ / Sentence | | or Defendant) | [ ] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability | Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - / [ ] 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment / **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities - / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | State Statutes |
| | Other / [ ] 550 Civil Rights | Actions | | |
| | [ ] 448 Education / [ ] 555 Prison Condition | | | |
| | / [ ] 560 Civil Detainee - | | | |
| | / Conditions of | | | |
| | / Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
PURSUANT UNDER 42 U.S.C§1983 AND §1985
Brief description of cause:
MALICIOUS PROSECUTION, FALSE ARREST AND CONSTITUTIONAL VIOLATIONS

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND** $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, __Juliet Lee_____, counsel for_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

- ☑ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

- ☐ the complaint seeks injunctive relief, or

- ☐ the matter is otherwise ineligible for the following reason:

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County? ☐ Yes ☑ No

2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County? ☐ Yes ☑ No

3. If you answered "No" to all parts of Questions 1 and 2:

   a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County? ☐ Yes ☑ No

   b. Do the majority of defendants reside in Nassau or Suffolk County? ☐ Yes ☑ No

   c. Is a substantial amount of any property at issue located in Nassau or Suffolk County? ☐ Yes ☑ No

4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? ☐ Yes ☑ No

*(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☐ Yes      ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain)   ☐ No

I certify the accuracy of all information provided above.

Signature: _____

Revised 02.13.2025; Effective 02.17.2025